United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Francisco Rodriguez Cruz, Plaintiff ) <br> ) <br> v. ) <br> ) <br> Liz, Defendant. ) <br> ) | Civil Action No. 23-22732-Civ-Scola |

## Order Striking Complaint

Before the Court is Plaintiff Francisco Rodriguez Cruz's complaint (ECF No. 1) and motion for leave to proceed *in forma pauperis* (ECF No. 3). Rodriguez Cruz, who is proceeding *pro se*, has not paid the required filing fee. Therefore, the screening provisions of 28 U.S.C. § 1915(e) apply. *See Rehnerger v. Henry Cty., Ga.*, 577 F. App'x 937, 938 (11th Cir. 2014) (holding that 28 U.S.C. § 1915(e) applies to all IFP proceedings). Section 1915(e)(2)(B) permits a court to dismiss a suit "any time [] the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

As an initial matter, the Court notes that Rodriguez Cruz is no stranger to this Court. Rodriguez Cruz has filed several actions in the Southern District of Florida, including two actions that the undersigned has dismissed just this year. *See Rodriguez Cruz v. Yeshurun*, No. 23-cv- 20761 (S.D. Fla. 2023) (order entered March 29, 2023); *Rodriguez Cruz v. Orinthia*, No. 23-cv-21314 (S.D. Fla. 2023) (order entered April 19, 2023). As before, the Court finds upon an initial screening that Rodriguez Cruz's complaint (ECF No. 1) fails to allege that the Court has subject-matter jurisdiction and fails to state a claim on which relief may be granted. Accordingly, the Court **strikes** Rodriguez Cruz's complaint. (*See* ECF No. 4 in Case No. 23-cv-21314.)

1. **Subject-Matter Jurisdiction**

Here, although Rodriguez Cruz has submitted his complaint on a form titled "COMPLAINT UNDER THE CIVIL RIGHTS ACT, 41 U.S.C. § 1983," he presents no allegations that could possibly support even an arguable federal claim against the Defendant. Instead, it appears Rodriguez Cruz's grievances, to the extent they can be discerned, most likely arise under state law and, therefore, he must allege facts showing that the parties, all individuals, are diverse. *Travaglio v. Am. Express Co.*, 735 F.3d 1266, 1268 (11th Cir. 2013).

"Those allegations, when federal jurisdiction is invoked based upon diversity, must include the citizenship of each party, so that the court is satisfied that no plaintiff is a citizen of the same state as any defendant." *Id.*

Under 28 U.S.C § 1332(a)(1), it is the citizenship, or domicile, of an individual party that is the relevant inquiry, not her or his residence. *Molinos Valle Del Cibao, C. por A. v. Lama*, 633 F.3d 1330, 1341–42 (11th Cir. 2011) ("Domicile is not synonymous with residence; one may temporarily reside in one location, yet retain domicile in a previous residence."); *Crist v. Carnival Corp.*, 410 F. App'x 197, 200 (11th Cir. 2010) (explaining that an allegation that a party is a "resident" of a State is "insufficient for diversity jurisdiction purposes because residency is not the equivalent of citizenship"). Here, Rodriguez Cruz has not alleged either his own citizenship nor the citizenship of the individual Defendant. Instead, he merely lists his address, in Homestead, Florida, as well as the address of the individual Defendant's place of employment. These allegations, to the extent Rodriguez Cruz seeks to avail himself of the Court's diversity jurisdiction, are inadequate. He has neither alleged the parties' citizenships nor established that the jurisdictional threshold has been met.

### 2. Failure to State a Claim

Federal Rule of Civil Procedure 8(a)(2) requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Thereunder "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Consequently, "to state a plausible claim for relief, the plaintiff[] must plead 'factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Sinaltrainal v. Coca-Cola Co.*, 578 F.3d 1252, 1268 (11th Cir. 2009) (quoting *Iqbal*, 556 U.S. at 678).

While Rodriguez Cruz's grievances are not entirely clear, his allegations appear to stem from issues he had with "a volunteer at The Closet" in North Miami Beach. (Compl. at 1–2.) He says that the volunteer "took [his] picture with her cell phone without prior authorization and could not explain why [he] was rudely hung up on [during his] previous attempt to communicate with the staff back [in] April 2023[.]" (*Id.* at 2.) As relief, Cruz requests "an appointment." (*Id.*) The complaint is devoid of any other allegations. (*See generally id.*) Accordingly, the allegations are deficient and do not state a claim upon which relief may be granted. Although "*pro se* pleadings are held to a less strict standard than pleadings filed by lawyers and thus are construed

liberally," *Alba v. Montford,* 517 F.3d 1249, 1252 (11th Cir. 2008), "[e]ven a *pro se* litigant is required to comply with the rules of procedure," *LaCroix v. W. Dist. of Kentucky*, 627 F. App'x 816, 818 (11th Cir. 2015). In its current form, Rodriguez Cruz's complaint fails to supply, in a clear manner, "direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Frazile v. EMC Mortg. Corp.*, 382 F. App'x 833, 836 (11th Cir. 2010) (cleaned up).

### 3. Conclusion

For the reasons set forth above, the Court **denies** Rodriguez Cruz's motion to proceed *in forma pauperis* (**ECF No. 3**) **as moot** and **strikes** his complaint (**ECF No. 1**). If Rodriguez Cruz believes he can replead his case, through an amended complaint, and allege facts, *in good faith*, directly supporting at least one viable claim for relief against the Defendant, as well as facts establishing a basis for the Court's subject-matter jurisdiction, he must do so by **August 18, 2023**. Rodriguez Cruz is cautioned to plead only facts that are tethered to a viable cause of action against the Defendant and to identify which facts relate to which cause of action. The Court also directs Rodriguez Cruz to avoid conclusory or vague allegations, or to at least supplement them with fact-based claims, and to make sure that he endeavors to separate different causes of actions, to the extent there is more than one, into separate, numbered counts.

In the meantime, the Clerk is directed to **close** this case and any pending motions are **denied** as moot.

**Done and ordered** at Miami, Florida on August 3, 2023.

Robert N. Scola, Jr.
United States District Judge